**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CR-02-114-F |
| | ) | |
| CHRISTOPHER LLOYD ELLIS, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the court is a motion filed by defendant, Christopher Lloyd Ellis, pursuant to Fed. R. Civ. P. 60(b)(6), challenging his sentence in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).

Briefly, by way of background, defendant entered a plea of guilty to the Superseding Information on October 9, 2002. Thereafter, on January 10, 2003, defendant was sentenced by the court to a term of imprisonment of 292 months. Judgment was entered on January 13, 2003. No direct appeal was filed by defendant. Subsequently, on July 16, 2003, defendant filed a Motion for Nunc Pro Tunc Order Resentencing Defendant in Order to Reinstate Direct Appeal Rights. Plaintiff, in response, argued that defendant's motion should be dismissed because defendant had not cited any authority supporting the court's jurisdiction to provide the relief he sought and that none of the statutory avenues for post-sentencing relief were available. It also argued that defendant had specifically waived his right to appeal or collaterally challenge his conviction and sentence in the plea agreement. On August 21, 2003, the court dismissed defendant's motion. Defendant did not appeal the court's ruling.

On December 30, 2003, defendant filed a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, claiming that he had received ineffective assistance of counsel in violation of the Sixth

Amendment.   In response, plaintiff filed a Motion for Summary Dismissal of Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, arguing that defendant specifically waived his right to collateral review in his plea agreement.   On April 23, 2004, the court granted plaintiff's motion, dismissing defendant's § 2255 motion.   Subsequently, on June 22, 2004, defendant filed a Notice of Appeal and a Motion for Certificate of Appealability to Issue.   The court denied defendant's motion on June 28, 2004.   Defendant then filed a request for certificate of appealability with the Tenth Circuit Court of Appeals.   On May 20, 2005, the Tenth Circuit denied the request and dismissed defendant's appeal.

Before considering defendant's Rule 60(b)(6) motion, the court must determine whether defendant's motion should be construed as a § 2255 motion.   Upon review, the court concludes that it should be so construed.   By this Rule 60(b)(6) motion, defendant challenges the validity of his sentence.   Therefore, the court concludes that the motion should be construed as a § 2255 motion.   *See*, United States v. Johnson, 2005 WL 3418654 *3 (10th Cir., December 14, 2005)[1] (citing Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965) ("The exclusive remedy for testing the validity of a judgment and sentence . . . is that provided for in 28 U.S.C. § 2255"), and United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (Fed. R. Civ. P. 60(b) does not provide relief from judgment in a criminal case)); *see also*, Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir. 1998) (*per curiam*) ("Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions.") (quotation marks and citation omitted). The motion, so construed, is a second or successive § 2255 motion.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") instituted a "gatekeeping" procedure for second or successive § 2255 motions.   Under 28 U.S.C. §§ 2255, 2244(b)(3), as amended by the AEDPA, a defendant must first seek

---

[1]This unpublished Tenth Circuit decision, which construes a defendant's Rule 60(b)(6) motion challenging the integrity of the sentencing proceeding in light of Booker as a § 2255 motion, is cited for persuasive value in accordance with 10th Cir. R. 36.3(B).

authorization from the court of appeals before filing a second or successive § 2255 motion in the district court. *See*, United States v. Gallegos, 142 F.3d 1211, 1212 (10th Cir. 1998). In the case at bar, defendant has not obtained authorization from the Tenth Circuit Court of Appeals prior to filing his motion with this court. Consequently, this court lacks subject matter jurisdiction to decide the instant motion. *See*, Gallegos, 142 F.3d at 1212.

When a defendant fails to obtain court of appeals authorization before filing his second or successive § 2255 motion, the district court should transfer the § 2255 motion to the court of appeals in the interest of justice pursuant to 28 U.S.C. § 1631. *See*, Coleman v. United States, 106 F.3d 339, 340-341 (10th Cir. 1997) (*per curiam*).

Therefore, in the interest of justice and pursuant to 28 U.S.C. §§ 1631, 2244(b)(3)(A) and 2255, the court finds that defendant's Rule 60(b)(6) motion, construed as a § 2255 motion, should be transferred to the Tenth Circuit Court of Appeals for preliminary review by that court pursuant to 28 U.S.C. §§ 1631, 2244(b)(3)(A) and 2255.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's Motion Under Rule 60-B-6 Subject Matter Jurisdiction, construed as a 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence (doc. no. 115), is **TRANSFERRED** to the Tenth Circuit Court of Appeals for preliminary review by that court pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

Entered this 19th day of January, 2006.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

02-0114p033(Ellis) (pub).wpd